In re PACIFIC COLD STORAGE COMPANY.

(Second Division.  Nome.  January 14, 1902.)

1. LICENSES—MEAT MARKET—MERCANTILE ESTABLISHMENT.

> Within the meaning of the license laws of Alaska, a corpora-
> tion engaged in the wholesale cold storage and sale of all kinds
> of meats for the public generally, as well as for its own meat
> markets, is a mercantile establishment, and not a meat market,.
> and must pay license accordingly.

P. C. Sullivan, for Pacific Cold Storage Co.

J. L. McGinn, Asst. U. S. Dist. Atty., contra.

WICKERSHAM, District Judge.   The Pacific Cold Stor-
age Company, a corporation maintaining a cold storage plant
in the town of Nome, as well as in St. Michael, for the pur-
pose of selling meat generally to the public, made application
to the court, and received a license for three or more meat
markets in the town of Nome, and paid therefor the sum
of $15 each, as required by the statute.   Upon the objec-
tion of the prosecuting attorney, the matter came before
the court to determine the character of the license to be paid
by the company.   Section 460 of Act March 3, 1899, c. 429
(30 Stat. 1336), as amended by section 29 of Act June 6, 1900,
c. 786 (31 Stat. 330), provides that meat markets shall pay
$15 per annum license.   It also provides that licenses shall
be paid by mercantile establishments, and fixes the amount
to be paid by them upon the basis of the business done.   The
evidence upon this application is undisputed that, besides
furnishing meat to its own markets, the Pacific Cold Storage
Company does a general mercantile business in the sale to
other meat markets and the public generally of all kinds of
fresh meats preserved by cold storage, as well as in the sale
of coal.   The company made application for, and received

from the clerk of this court, a license to do business as a mercantile establishment in the sale of coal, and limits its showing of business done to the sale of coal alone. This condition would enable the company to furnish from its cold storage plant all meats required in its own markets, and permit it to sell uncut meats to the public generally and to their meat markets without paying any license therefor. I am of the opinion that the term "meat market" here refers only to what is commonly known as a "butcher shop," or a place where meats are cut into small quantities, and sold to individual customers. It seems clear to the court that the term "meat market" does not include a cold storage plant, such as that possessed by the company in question, nor would it cover its general sales of meat in bulk to other meat markets, even though the meats were sold through one of the meat markets for which it had license. The license for a meat market under the section in question was not intended to embrace so wide a range as to allow a general mercantile business in frozen meats to be conducted under it. Under the statute in question, if the Pacific Cold Storage Company desires to run a "meat market," it should pay a license for so doing; if, beyond the business conducted in the ordinary meat market, it sells meats preserved by the cold storage process to the general public or to other meat markets, even though it does so through one of its own meat markets, it is a mercantile establishment, and should pay a license accordingly. The company in question must obtain a license as a mercantile establishment if it intends to sell its meats except in cuts to the ordinary customer who goes to the meat market to buy.